# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

               **Plaintiff,**

-vs-                                                   **Case No. 6:09-cv-452-Orl-31GJK**

**TODD GORDON,**

               **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 8)**
>
> **FILED:**    **April 20, 2009**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

On March 10, 2009, Plaintiff filed a complaint (the "Complaint") against Todd Gordon (the "Defendant") to recover on a Certificate of Indebtedness (the "Certificate"). Doc. No. 1. The Certificate states the following:

> On or about June 21, 1990 the [Defendant] executed promissory note(s) to secure loan(s) of $2,625.00 from Manufacturers Hanover Trust Company (Indianapolis, IN). This loan was disbursed for $2,625.00 on 11/23/90, at 8.00 percent interest per annum. The loan

> obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of note, and credited $158.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/31/92, and the holder filed a claim on the loan guarantee.
>
> Due to his default, the guaranty agency paid a claim in the amount of $2,631.38 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/12/99, assigned its right and title to the loan to the Department.
>
> Since assignment of the loan, the Department has credited a total of $360.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:
>
> | | |
> |---|---|
> | Principal: | $2,631.38 |
> | Interest: | $3,191.89 |
> | Penalties: | $    5.00 |
> | Total debt as of 10/27/08: | $5,828.27 |
>
> Interest accrues on the principal shown here at a rate of $0.58 per day.

Doc. No. 1 at 3. In the Complaint, Plaintiff seeks the amounts set forth in the Certificate, pre-judgment interest through the date of judgment, all administrative costs, post-judgment interest pursuant to 28 U.S.C. § 1961 at the legal rate, and attorneys' fees to the extent allowed by law. Doc. No. 1 at 2. On March 20, 2009, the Complaint was served by substitute service on the Defendant. Doc. No. 5 at 3.

Defendant failed to respond to the Complaint, and on April 15, 2009, default was entered against Defendant. Doc. No. 7. On April 20, 2009, Plaintiff filed the present Motion for Default Judgment (the "Motion") pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure. Doc. No. 8. In the Motion, Plaintiff states the following:

> As of April 17, 2009 there is due and owing to Plaintiff from [D]efendant the sum of $5,927.37, consisting of $2,631.38, in unpaid principal, $5.00 in Civil Penalties, plus $3,290.99 in accrued interest through April 17, 2009 together with interest thereafter to the date of entry of judgment at the rate of 8.00% per year in accordance with the provisions of 4 C.F.R. § 102.11, and together with costs taxed in accordance with the provisions of 28 U.S.C. § 1920, as specified by 28 U.S.C. § 1914, 1921, as set forth in the attached Bill of Costs.

Doc. No. 8 at ¶ 4. Pursuant to 28 U.S.C. §§ 1914(a) and 1921, Plaintiff seeks statutory costs, representing the $350.00 Clerk's filing fee plus a $25.00 fee for service and travel, but Plaintiff makes no other claim for fees or costs. Doc. No. 8 at 2-3. Based on the foregoing, Plaintiff requests an entry of default final judgment. Defendant has failed to respond to the Motion.[1]

The Motion is presently before the Court.

## II. LAW AND ANALYSIS

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir.

---

[1] The Motion was served by regular U.S. mail on the Defendant. Doc. No. 8 at 3.

1975).² A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

> Rule 55 (b)(2) addresses the entry of default judgment by the court and states:
>
> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. <u>The court may conduct hearings or make referrals</u>–preserving any federal statutory right to a jury trial–<u>when, to enter</u> or effectuate <u>judgment , it needs to</u>:
>     A) conduct an accounting;
>     B) <u>determine the amount of damages</u>;
>     C) establish the truth of any allegation by evidence; or
>     D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2) (emphasis added). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. V. Huynh*, 318 F. Supp.2d 1122, 1129 (M.D. Ala. 2004) (*citing Directv, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)).

After reviewing the Complaint, the Certificate, the Motion, and the attached affidavit, the undersigned finds that the Defendant's defaulted education loan should be reduced to judgment. As of April 17, 2009, Defendant has a past due balance of $2,631.38 in principal; $5.00 in Civil Penalties; prejudgment interest in the amount of $3,290.99 through April 17, 2009, with interest

---

² In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

accruing thereafter to the date of judgment at the rate of 8.00 percent per annum or $0.58 per diem; and statutory costs of $375.00; for a total balance of $6,302.37.

Accordingly, Plaintiff is entitled to recover the total balance, plus interest at a rate of 8.00 percent per annum or $0.58 per diem on the principal amount through the date of judgment. Thereafter, Plaintiff is entitled to post-judgment interest at the rate allowed by law.

**THEREON** it is **RECOMMENDED** that:

1. Plaintiff's Motion be GRANTED;

2. Plaintiff be awarded the total balance of $6,302.37 as detailed above;

3. Plaintiff be awarded interest in the amount of 8.00 percent per annum or $0.58 per diem on the principal amount from April 17, 2009 through the date of judgment; and

4. Plaintiff be awarded post-judgment interest at the rate allowed by law.

It is further **ORDERED** that the Clerk of the Court shall serve a copy, **by certified mail**, of this Report and Recommendation on: Todd Gordon, 610 Mission Drive, New Smyrna Beach, FL 32168.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 4, 2009.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
**Unrepresented Party by Certified Mail**